**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Jason A. Ibey (SBN: 284607)
jason@kazlg.com
321 N. Mall Drive, Suite R108
St. George, Utah 84790
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Attorneys for Plaintiff,
GARY READ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—EASTERN DIVISION

| | |
|---|---|
| GARY READ, Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>v.<br><br>CENLAR FSB,<br><br>       Defendant. | Case No.  5:21-cv-504<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF REAL ESTATE SETTLEMENT PROCEDURES ACT, 12 U.S.C. §§ 2601,** *ET SEQ.*<br><br>**JURY TRIAL DEMANDED** |

Gary Read ("Plaintiff" or "Mr. Read") brings this class action Complaint, by and through his attorneys, against Cenlar FSB ("Defendant" or "Cenlar") and alleges as follows:

**INTRODUCTION**

1. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

2. While many violations are described below with specificity, this Complaint alleges violations of each statute cited in its entirety.

3. Unless otherwise indicated, the use of Cenlar's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Cenlar.

4. Congress found "that significant reforms in the real estate settlement process are needed to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country." 12 U.S.C. § 2601(a). To address this finding, Congress passed the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq*., ("RESPA") in 1974.

5. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA's implementing regulation. 12 U.S.C. § 2617.

6. Under RESPA and Regulation X, loan servicers, including Cenlar, must provide borrowers with specific account information available to them in the regular course of business upon receiving a Qualified Written Request ("QWR") or a Request

for Information ("RFI") from the borrower. 12 U.S.C. § 2605(e)(1)(A); 12 C.F.R. § 1024.36(a).

7. A servicer must respond within 30 days to a QWR for information or an RFI in one of two ways: (1) provide the requested information, or (2) conduct a "reasonable search" for the requested information and provide the borrower with a written notification explaining the basis for the servicer's determination that the requested information is "not available." 12 U.S.C. § 2605(e)(2); 12 C.F.R. § 1024.36(d)(1)(i)–(ii).

8. In its official commentary to Regulation X, the CFPB outlines what constitutes as information that is "not available." Information is "not available" if: "[(1.)] The information is not in the servicer's control or possession, or [(2.)] The information cannot be retrieved in the ordinary course of business through reasonable efforts." 12 C.F.R. § 1024, Supp. I, ¶ 36(d)(1)(ii).

9. As an example of "available" information, the CFPB provides the following in its official commentary to Regulation X:

> A borrower requests **a copy of a telephonic communication with a servicer.** The servicer's personnel have access in the ordinary course of business to **audio recording files** with organized recordings or transcripts of borrower telephone calls and can identify the communication referred to by the borrower through reasonable business efforts. **The information requested by the borrower is available to the servicer.**

12 C.F.R. § 1024, Supp. I, ¶ 36(d)(1)(ii) (emphasis added).

10. Cenlar has neglected to fulfill its duty to provide information available to it in the regular course of business to Plaintiff upon receipt of Plaintiff's QWR and RFI.

11. As alleged in greater detail below, Cenlar has demonstrated a "pattern or practice" of failing to adequately respond to borrowers' requests for account information, which makes Cenlar liable for statutory damages in an amount up to $2,000 for each failure to adequately respond. 12 U.S.C. § 2605(f).

12. Notwithstanding this glaring failure to abide by its statutory duty, and despite Plaintiff's informing Cenlar of its failure, Cenlar continued to disregard Plaintiff's and, upon information and belief, other borrowers' reasonable requests for account information, including producing requested audio recordings.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action pursuant to RESPA, 12 U.S.C. § 2614, and generally pursuant to 28 U.S.C. § 1331 because the action arises out violations of federal law.

14. This Court has personal jurisdiction over Cenlar because Cenlar conducts business in California and maintains sufficient contacts with the state and this federal district.

15. Venue is appropriate in the United States District Court for the Central District, Eastern Division of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Riverside County, California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Cenlar conducted business within this judicial district at all relevant times.

## PARTIES

16. Mr. Read is a resident and citizen of Riverside County in the State of California.

17. Upon information and belief, Defendant is a mortgage subservicing company with its headquarters in Ewing, New Jersey.

## FACTUAL ALLEGATIONS

18. Plaintiff incorporates by reference all the above paragraphs of this Complaint as if fully stated herein.

19. Cenlar subservices Plaintiff's loan.

20. On October 19, 2020, Mr. Read, through counsel, sent Cenlar a Notice of Error and Request for Information pursuant to the Real Estate Settlement

Procedures Act, 12 U.S.C. § 2605(e), and Regulation X, 12 C.F.R. §§ 1024.35, 1024.36.

21. The letter included Plaintiff's name, his loan account number, a request for information, and a reason for the request. More specifically, Plaintiff disputed the amount of the debt owed, and asked for several documents associated with his account, including: "A copy of any and all recordings of [Plaintiff] or any other person concerning [Plaintiff's] account."

22. On or about December 30, 2020, Plaintiff's counsel received a response to Plaintiff's request from Cenlar dated December 8, 2020.

23. In its response, Cenlar provided information relating to the original creditor, when it began subservicing the loan, information about the monthly payment amounts, interest rate information, etc. However, Cenlar failed to provide any of the requested recordings. With regard to information Plaintiff requested but was not provided, Cenlar wrote: "The remaining information requested is beyond the scope permitted by RESPA in that it is not applicable, or considered to be overly broad and unduly burdensome."

24. On January 5, 2021, Plaintiff's counsel sent a follow-up letter to Cenlar, again requesting the recordings in an effort to remedy Cenlar's non-compliance with RESPA.

25. In this letter, Plaintiff's counsel explained: "Under Regulation X, a servicer must respond within 30 days to a RFI in one of two ways: (1) provide the requested information, or (2) conduct a 'reasonable search' for the requested information and provide the borrower with a written notification explaining the basis for the servicer's determination that the requested information is 'not available.'"

26. As of the date of the filing of this Complaint, however, Plaintiff has not received any other documents or a response from Cenlar, and Cenlar has willfully failed to provide any of the requested audio recordings to Plaintiff.

///

27. Cenlar's refusal to provide requested information to borrowers who submit valid QWRs or RFIs is, upon information and belief, a matter of standard business policy for Cenlar.

28. Plaintiff is informed and believes and hereupon alleges that Cenlar has refused to produce recordings for possibly hundreds if not thousands of customers that have requested them.

29. Plaintiff is informed and believes and hereupon alleges that Cenlar can easily produce the requested recordings through reasonable business efforts.

30. Plaintiff is informed and believes and hereupon alleges that Cenlar did not conduct a reasonable search of each consumer's request for information.

31. Plaintiff recalls having only a handful of conversations with Cenlar, which means the production of the recordings was neither overly broad nor burdensome.

32. Plaintiff is informed and believes that the audio recordings are not privileged or confidential.

33. Cenlar's only response failed to provide the audio recordings, and its complete disregard to Plaintiff's follow-up letter shows Cenlar's pattern and practice of non-compliance with RESPA.

34. Plaintiff requested the recordings twice, but Cenlar failed to produce the recordings each time, which further illustrates Cenlar's pattern and practice of non-compliance.

35. Plaintiff, through counsel, incurred expense in mailing his response to Cenlar's letter via United States Postal Service via Priority Mail in the amount of approximately $7.75, even though Plaintiff's initial QWR and RFI complied with RESPA's and Regulation X's requirements.

36. As a direct and proximate result of Cenlar's conduct or omissions in response to Plaintiff's QWRs, Plaintiff suffered actual damages that include, but are not limited to, postage expenses and attorneys' fees, in an amount to be proven at trial.

## CLASS ACTION ALLEGATIONS

37. Plaintiff brings this action on behalf of himself individually and on behalf of all others similarly situated, pursuant to Federal Rule Civil Procedure 23(b)(1), (b)(2) and/or (b)(3).

38. The putative class ("the Class") that Plaintiff seeks to represent is composed of:

> All persons within the United States who have or have had a mortgage loan serviced by Cenlar and who within three years from the filing of this Complaint have requested copies of audio recordings or transcripts of phone calls between themselves and Cenlar pursuant to 12 U.S.C. § 2605(e)(1)(A) and 12 C.F.R. § 1024.36 and who have subsequently been denied access to those audio recordings by Cenlar.

39. Excluded from the Class are any of Cenlar's officers, directors, employees, affiliates, legal representatives, attorneys, heirs, and assigns, and any entity in which Cenlar has a controlling interest. Judicial officers presiding over this case, its staff, and immediate family members, are also excluded from the Class.

40. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of the Class members is unknown to Plaintiff at this time, such information can be ascertained through discovery from records maintained by Cenlar.

41. There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

42. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

   a) Whether Cenlar failed to provide audio recordings of telephone calls between Cenlar and Class members as required under RESPA;

      b) Whether Cenlar failed to provide documents requested by Class members as required under RESPA;

      c) Whether Cenlar failed to conduct a "reasonable investigation" as required pursuant to 12 C.F.R. § 1024.36(d)(1)(i)–(ii);

      d) Whether Plaintiff and the Class are entitled to damages under 12 U.S.C. § 2605(f);

      e) Whether Cenlar demonstrates a "pattern or practice" of failing to respond to borrowers' QWRs and RFIs.

      f) Whether Cenlar's conduct violates 12 U.S.C. §§ 2601, *et seq*.; and

      g) Whether Plaintiff and the putative Class members are entitled to injunctive relief as sought herein.

43. Plaintiff's claims are typical of those of the other Class members because Plaintiff, like every other Class member, requested documents and audio recordings or transcripts of telephone calls between Plaintiff and Cenlar, and Cenlar refused to provide them or ignored the requests.

44. Plaintiff will fairly and adequately protect the interests of the Class. Moreover, Plaintiff has no interest that is contrary to or in conflict with those of the Class he seeks to represent during the Class period.

45. In addition, Plaintiff has retained competent counsel experienced in Class action litigation to protect the interest of the Class and to prosecute this action vigorously.

46. The prosecution of separate actions by individual members of the Class and would create a risk of inconsistent or varying adjudications with respect to individual members of the Class and lead to repetitious trials of the numerous common questions of fact and law throughout the United States. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a Class action.  As a result, a Class action is superior to other available methods for the fair and efficient adjudication of this controversy.

47. Proper and sufficient notice of this action may be provided to the Class members through direct mail and email.

48. Moreover, the Class members' individual damages are insufficient to justify the cost of litigation, so that in the absence of Class treatment, Cenlar's violations of law inflicting substantial damages in the aggregate would not be remedied without certification of the Class.

49. Absent certification of this action as a Class action, Plaintiff and the members of the Class will continue to incur various expenses as a result of Cenlar's refusal to comply with RESPA and Regulation X.

## CAUSE OF ACTION

**Violations of Real Estate Settlement Procedures Act**

**12 U.S.C. §§ 2601,** *et seq.*

50. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. Plaintiff's loan was at all times relevant a "federally related mortgage loan" as defined by 12 U.S.C. § 2602(1).

52. Cenlar is, and was at all times relevant, a loan "servicer" as defined by 12 C.F.R. § 1024.2.

53. Plaintiff and Cenlar are "persons" as defined by 12 U.S.C. § 2602(5).

54. A failure to follow regulations promulgated by the CFPB in Regulation X is a *per se* violation of RESPA. 12 U.S.C. § 2605(k).

55. Plaintiff's requests for audio recordings were both QWRs pursuant to 12 U.S.C. § 2605(e)(1)(A) and RFIs pursuant 12 C.F.R. § 1024.36.

56. Audio recordings and transcripts of phone calls with borrowers are information "available in the regular course of business" to Cenlar. *See* 12 C.F.R. § 1024, Supp. I, ¶ 36(d)(1)(ii).

///

///

57. Cenlar failed to provide Plaintiff with requested information available to it in the ordinary course of business. Consequently, Cenlar violated 12 U.S.C. § 2605(e), 12 U.S.C. § 2605(k), and 12 C.F.R. § 1024.36.

58. Cenlar further violated 12 U.S.C. § 2605(e), 12 U.S.C. § 2605(k), and 12 C.F.R. § 1024.36 by failing to adequately investigate and respond to Plaintiff's requests.

59. As a result of Cenlar's failure to comply with RESPA and Regulation X, Plaintiff was required to incur various expenses to respond to Cenlar's deficient response.

60. Plaintiff is informed and believes that other similarly situated borrowers have requested audio recordings or transcripts of telephone calls between themselves and Cenlar only to be likewise denied access to that information by Cenlar. Additionally, Defendant has refused to provide the requested information to Plaintiff despite his several requests. This is sufficient to demonstrate a "pattern or practice" under RESPA. As such, Cenlar is liable for statutory damages in an amount of up to $2,000 per violation pursuant to 12 U.S.C. § 2605(f).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff the following relief against Cenlar:

- That the Court certify this case as a class action;
- That the Court appoint Plaintiff to serve as the class representative in this matter and appoint Plaintiff's counsel as class counsel;
- That Cenlar's wrongful conduct alleged herein be adjudged and decreed to violate the statutes and laws asserted herein; and
- That Plaintiff and the Class be awarded injunctive relief prohibiting such conduct in the future.

///

///

**Violations of Real Estate Settlement Procedures Act**

**12 U.S.C. §§ 2601,** *et seq***.**

- Injunctive relief prohibiting such conduct in the future;
- Injunctive relief ordering Cenlar to release audio recordings and transcripts of telephone calls to Plaintiff and the Class members;
- Statutory damages in an amount of $2,000 per violation to Plaintiff and to each member of the Class pursuant to 12 U.S.C. § 2605(f);
- An award of actual damages according to proof per violation to Plaintiff and to each member of the Class pursuant to 12 U.S.C. § 2605(f);
- Attorneys' fees and costs; and
- Any and all further relief that this Court deems just and proper.

## TRIAL BY JURY

61. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demands, a trial by jury on all causes of action and claims to which Plaintiff has a right to a jury trial.

Dated: March 23, 2021

**KAZEROUNI LAW GROUP, APC**

By  /s/ Abbas Kazerounian
Abbas Kazerounian
ak@kazlg.com

**KAZEROUNI LAW GROUP, APC**
Alan Gudino (SBN: 326738)
alan@kazlg.com
2221 Camino Del Rio South, Suite 101
San Diego, California 92108
Telephone:  (619) 233-7770
Facsimile:   (800) 520-5523

*Attorneys for Plaintiff Gary Read*